UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARISTEO PEREZ de LEON,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-05548-DAD-CKD (HC)

ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR APPOINTMENT OF COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On July 17, 2026, petitioner filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, he filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for a temporary restraining order ("TRO") (Doc. No. 3), and a motion for appointment of counsel. (Doc. No. 4.) Respondent filed an opposition to petitioner's *habeas* petition on July 21, 2026, explaining that this case was not different from other cases in which this court had ordered an immigration detainee's immediate release. (Doc. No. 9 at 1.) Nonetheless, respondent states that petitioner's detention is permissible under the circumstances of this case pursuant to 8 U.S.C. § 1225(b). (Doc. No. 9 at 1.)

The facts of this case are these. Petitioner is a citizen of Mexico. (Doc. No. 1 at ¶ 12.) While there is no record of any legal entry into the United States,[1] petitioner was detained by ICE officials in Florida on or about June 21, 2026, during a traffic stop. (*Id.* at ¶ 19.) He was then placed into ICE custody where he remains.

Respondent argues that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (Doc. No. 9 at 1), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

The court adopts its reasoning set forth in *Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr.*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378, at *1-2 (E.D. Cal. Mar. 10, 2026), where the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who: (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention. Applying the reasoning set forth in *Quichimbo-Jimenez*, the court concludes that petitioner is not legally detained pursuant to 8 U.S.C. § 1225. This case falls into a category of cases where petitioner is detained pursuant to 8 U.S.C. § 1226(a). This then defeats respondent's argument and the court instead incorporates its reasoning set forth in *Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026), and finds that the appropriate remedy is petitioner's immediate release from custody.

For the reasons explained above,

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

---

[1] Respondent states that petitioner previously entered the United States in 1980, but then voluntarily returned to Mexico at some point. (Doc. No. 9-1 at 3.) At some unknown point in time and place, petitioner reentered the United States.

a. Respondent is ORDERED to immediately release petitioner Aristeo Perez de Leon, A # 222-561-961, from respondent's custody;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with U.S.C. § 1226(a) and its implementing regulations;

3. Petitioner's motion for temporary restraining order (Doc. No. 3) and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

4. The Clerk of the Court is directed to serve a copy of this order on the warden of the Golden State Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 23, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE